[Crim. No. 17064. In Bank. Nov. 26, 1973.]

THE PEOPLE, Plaintiff and Appellant, v.
RICHARD MARCO ALDAY, Defendant and Respondent.

## COUNSEL

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Derald E. Granberg, Robert R. Granucci and Alvin J. Knudson, Deputy Attorneys General, for Plaintiff and Appellant.

Sheldon Portman, Public Defender, Guy N. Jinkerson and Richard C. Neuhoff, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**CLARK, J.**—The People appeal from an order dismissing the count of an information charging defendant with extortion by posing as a kidnaper. (Pen. Code, § 210.) We reverse.

Evidence at the preliminary hearing revealed defendant telephoned the father of a 13-year-old girl to say defendant and others had kidnaped his daughter. The father was told he must leave for his bank within 20 seconds to obtain $15,000 or his daughter would be "hurt bad." At the bank, he learned she had not been kidnaped but was safe at school.

The issue on appeal is whether section 210 of the Penal Code requires the purported kidnap victim to have been actually kidnaped. We conclude it does not.

Section 210 of the Penal Code provides in relevant part: "Every person who for the purpose of obtaining any ransom or reward, or to extort or exact from any person any money or thing of value poses as, or in any manner represents himself to be a person who has seized, confined, inveigled, enticed, decoyed, abducted, concealed, kidnaped or carried away any person, or who poses as, or in any manner represents himself to be a person who holds or detains such person, or who poses as, or in any manner represents himself to be a person who has aided or abetted any such act, *or who poses as or in any manner represents himself to be a person who has the influence, power, or ability, to obtain the release of such person so seized, confined, inveigled, enticed, decoyed, abducted, concealed, kidnaped or carried away,* is guilty of a felony and upon conviction thereof shall be punished by imprisonment in a state prison during his natural life, or for any number of years not less than five." (Italics added.)

Contending the reference in the italicized clause to "such person so seized . . ." suggests that the Legislature intended the statute to apply only if the purported victim has in fact been kidnaped, defendant invokes the principle of statutory construction enunciated in *People v. Ralph* (1944) 24 Cal.2d 575, 581 [150 P.2d 401]: "When language which is reasonably susceptible of two constructions is used in a penal law ordinarily that construction which is more favorable to the offender will be adopted." (See also *In re Tartar* (1959) 52 Cal.2d 250, 257 [339 P.2d 553].)

■ However, the doctrine that ambiguity or uncertainty in a criminal statute must be construed in favor of the defendant is only an aid to construction and cannot be invoked until the statue is shown to be ambiguous or uncertain as applied to the particular defendant. (See *Callanan* v. *United States* (1961) 364 U.S. 587, 596 [5 L.Ed.2d 312, 318-319, 81 S.Ct. 321].) ■ Defendant makes no such showing. His argument—that the phrase "such person so seized" implies the purported victim must actually have been kidnaped—depends on lifting that phrase from its context in an unrelated clause.

The troublesome phrase, instead of appearing in the clause prohibiting the conduct defendant allegedly engaged in—extortion by posing as a kidnaper—appears only in a later independent clause proscribing extortion by posing as a person who can obtain an abducted victim's release. Since ambiguity or uncertainty does not exist in the portion of the statute defendant is charged under, the principle of construction he relies on is not applicable.

■ We must read a statute in light of both the objective it seeks to achieve and the evil it seeks to avert. (*People* v. *Carroll* (1970) 1 Cal.3d 581, 584 [83 Cal.Rptr. 176, 463 P.2d 400].) Here, the evil the Legislature has sought to avert is not kidnaping itself—it is proscribed by section 207 —but extortion by, among three other means, posing as a kidnaper. Neither he who commits extortion by posing as a kidnaper when no abduction has occurred, nor he who commits extortion by falsely representing himself to be the kidnaper after an abduction has occurred is guilty of kidnaping. But both commit extortion by the same means: exploitation of a person's distress over the reported peril of his loved one. Such extortion does not require an actual kidnaping as long as the victim believes his loved one has been kidnaped, as defendant has allegedly demonstrated. Therefore, in light of the apparent legislative purpose, section 210 is neither ambiguous nor uncertain as it relates to defendant.

The order dismissing count I of the information is reversed.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.