[No. F014940. Fifth Dist. July 23, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
JAVIER JIMENEZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the Statement of Facts, parts II-B, III and IV.

392

394

COUNSEL

Ronald E. Moe, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attorney General, Margaret Garnand Venturi and Robert C. Miller, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

### BEST, P. J.—

#### Statement of the Case

Javier Jimenez appeals from the judgment on a jury verdict convicting him of numerous offenses stemming from his attack on his estranged girlfriend and a subsequent high-speed vehicle chase to avoid apprehension. Officers found a loaded Uzi assault rifle on the floorboard of his vehicle. In the published portion of the opinion we consider his contentions: (1) he was improperly convicted of possession of an assault weapon (Pen. Code, § 12280, subd. (b))[1] because the People failed to prove the newly enacted exception in subdivision (e) did not apply to him, and (2) the court improperly imposed a one-year consecutive term pursuant to section 12280, subdivision (c). In the unpublished portion of the opinion we consider his claims of insufficient evidence to sustain his convictions of child endangerment (§ 273a, subds. (1) & (2)), and hit and run with property damage (Veh. Code, § 20002, subd. (a)). We conclude there is insufficient evidence to support the Vehicle Code section 20002 conviction but otherwise will affirm.

#### Statement of Facts*

· · · · · · · · · · · · · · · · · · · · · · · · · ·

#### Discussion

I. *Was defendant improperly convicted of possession of an assault weapon (§ 12280) because the People failed to prove the newly enacted exception in subdivision (e) did not apply to him?*

 Defendant contends he was improperly convicted of possessing an assault rifle because section 12280 was amended after the date of his offense, but before the date of his trial, to add a new subdivision (e). He argues, first, the amendment applies retroactively to his case because its provisions favor the defendant; and second, the amendment added additional elements to the offense which the People failed to prove. We agree defendant is entitled to the benefit of subdivision (e)'s provisions (*Tapia v. Superior Court* (1991) 53 Cal.3d 282, 301 [279 Cal.Rptr. 592, 807 P.2d 434]), but do not agree subdivision (e) added new elements to the offense that the prosecution was required to prove to secure a conviction. A reading of section

---

[1]All statutory references are to the Penal Code unless otherwise indicated.
*See footnote, *ante*, page 391.

12280, subdivision (e), in context, convinces us the factual exceptions in subdivision (e) constitute affirmative defenses on which defendant has the burden of proof.

The major consideration in interpreting a criminal statute is the legislative purpose. Thus, we read the statute in light of the evils which prompted its enactment and the method of control which the Legislature chose. (*People* v. *Alday* (1973) 10 Cal.3d 392, 395 [110 Cal.Rptr. 617, 515 P.2d 1169]; 1 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Introduction to Crimes, § 22, p. 28.) A specific provision must be construed in context, with reference to the entire statutory scheme of which it is a part, so that the various elements of the scheme are harmonized. (*Bowland* v. *Municipal Court* (1976) 18 Cal.3d 479, 489 [134 Cal.Rptr. 630, 556 P.2d 1081].)

With these principles in mind, we turn to the language of section 12280 which at the time of trial read in pertinent part:[2]

"(b) . . . any person who, within this state, possesses any assault weapon, except as provided in this chapter, is guilty of a public offense and upon conviction shall be punished by imprisonment . . . . However, if the person presents proof that he or she lawfully possessed the assault weapon prior to June 1, 1989, or prior to a declaration . . . declaring that firearm to be an assault weapon, and has since either registered the firearm . . . or relinquished [it] . . . , a first-time violation of this subdivision shall be an infraction punishable by a fine . . . .

". . . . . . . . . . . . . . . . . . . . . . .

"(e) Subdivision (b) does not apply to the possession of an assault weapon by any person during the 1990 calendar year if all of the following are applicable:

"(1) The person is eligible under this chapter to register the particular assault weapon by January 1, 1991.

"(2) The person lawfully possessed the particular assault weapon described in paragraph (1) prior to January 1, 1989.

"(3) The person is otherwise in compliance with this chapter."

Section 12280, subdivision (b), which is part of the Roberti-Roos Assault Weapons Control Act of 1989, provides that a person who possesses an

---

[2]Section 12280, which was enacted in 1989, was amended effective June 27, 1990, to add subdivision (e).

assault weapon is guilty of a public offense unless "the person presents proof that he or she lawfully possessed the assault weapon prior to June 1, 1989 . . . and has since either registered the firearm . . . or relinquished [it] . . . ." That subdivision clearly requires long-term possessors of assault weapons to affirmatively prove they fall within the exception of the subdivision. The exception in subdivision (e) provides another exonerating window period for those assault weapon possessors who could have, but did not, register their weapons in 1990. A commonsense interpretation of the statute leads us to conclude the affirmative duty placed on a defendant to prove prior possession and registration in subdivision (b) is also applicable to subdivision (e).

Accordingly, as defendant offered no evidence he possessed the Uzi assault weapon before June 1, 1989, and no evidence that it was registered or could have been registered, he was properly convicted of violating section 12280.

 Defendant next contends defense counsel rendered ineffective assistance by failing to present evidence regarding whether defendant owned the weapon prior to June 1, 1989, and whether he could have registered it and by failing to request jury instructions on the section 12280, subdivision (e) defense. He submits defense counsel's omission resulted from his unfamiliarity with section 12280. Defendant has not established any entitlement to relief for ineffective assistance of counsel.

 To establish entitlement to relief for ineffective assistance of counsel, the burden is on the defendant to show (1) trial counsel failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates, and (2) counsel's omissions deprived him of a potentially meritorious defense. (*People* v. *Miranda* (1987) 44 Cal.3d 57, 119 [241 Cal.Rptr. 594, 744 P.2d 1127].) Where the record on appeal sheds no light on why counsel acted in the manner challenged, we will affirm unless counsel was asked for an explanation and failed to provide one or unless there simply could be no satisfactory explanation for the action. (*People* v. *Lewis* (1990) 50 Cal.3d 262, 288 [266 Cal.Rptr. 834, 786 P.2d 892].) Further, defendant cannot simply allege he lost the opportunity to adjudicate a crucial defense. He must affirmatively show defense counsel's omission involved a critical issue and cannot be explained on the basis of any knowledgeable choice of tactics. (*People* v. *Lanphear* (1980) 26 Cal.3d 814, 828 [163 Cal.Rptr. 601, 608 P.2d 689]; judg. vacated and cause remanded (1980) 449 U.S. 810 [66 L.Ed.2d 13, 101 S.Ct. 57], reiterated (1980) 28 Cal.3d 463 [171 Cal.Rptr. 505, 622 P.2d 950].)

 Here, the record does not disclose why counsel offered no evidence and did not request a jury instruction on section 12280, subdivision (e)'s

affirmative defense. However, the logical "satisfactory explanation" for counsel's conduct is that there was no exculpatory evidence to present. Accordingly, defendant has not met his burden of showing either incompetence or prejudice.

II. *Did the court err in imposing a one-year enhancement under section 12280, subdivision (c)?*

Section 12280, subdivision (c) provides:

"Notwithstanding Section 654 or any other provision of law, any person who commits another crime while violating this section may receive an additional, consecutive punishment of one year for violating this section in addition and consecutive to the punishment, including enhancements, which is prescribed for the other crime."

A. *Pleading and Proof Requirements*

■ Defendant first contends the subdivision (c) enhancement was improper because it was not pleaded and he was not notified of the potential additional punishment he faced pursuant to subdivision (c). The People respond section 12280, subdivision (c) is not an enhancement which must be pleaded and proven. Rather, under subdivision (c), the court at sentencing must find that defendant committed another crime while violating section 12280. We conclude the facts giving rise to a section 12280, subdivision (c) enhancement must be pleaded and proved but any error in failing to plead in this case was harmless.

■ An enhancement is an additional term of imprisonment added to the base term. (Cal. Rules of Court, rule 405(c).) It imposes an additional penalty when a crime is committed under specified circumstances. (3 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Punishment for Crimes, § 1473 p. 1749.) To avoid due process violations, the facts giving rise to a sentence enhancement must be alleged in the accusatory pleading so that defendant can prepare his defense. (*People* v. *Hernandez* (1988) 46 Cal.3d 194, 197 [249 Cal.Rptr. 850, 757 P.2d 1013].) ■ Under these rules, section 12280, subdivision (c) is an enhancement which must be pleaded.

The "facts" giving rise to the section 12280, subdivision (c) enhancement are the commission of another crime *while* violating section 12280. Defendant's accusatory pleading alleges "on or about" May 6, 1990, he unlawfully possessed an assault rifle and committed 12 other offenses. The general time allegations did not inform defendant he faced enhanced punishment if

convicted of another crime "while" violating section 12280. However, the evidence at trial showed defendant had the assault rifle in his vehicle while he fled from the officers in violation of Vehicle Code section 2800.2. Defendant had ample reason to disprove both offenses and thereby disprove the factual basis for the section 12280, subdivision (c) enhancement. Because the jury found defendant guilty of both offenses, of necessity, it must have found defendant committed the Vehicle Code offense while violating section 12280. Thus, under the facts of this case, any error in failing to plead the subdivision (c) enhancement was harmless. (Cf. *People* v. *Barbosa* (1991) 228 Cal.App.3d 1619, 1629-1631 [279 Cal.Rptr. 626].)

B. *Court's Exercise of Discretion**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

C. *Legislative Intent*

Defendant also contends given the declared legislative intent of the assault weapons act, imposition of the enhancement in his case was an abuse of discretion.

Section 12275.5 provides:

"The Legislature hereby finds and declares that the proliferation and use of assault weapons poses a threat to the health, safety, and security of all citizens of this state. The Legislature has restricted the assault weapons specified in Section 12276 based upon finding that each firearm has such a high rate of fire and capacity for firepower that its function as a legitimate sports or recreational firearm is substantially outweighed by the danger that it can be used to kill and injure human beings. It is the intent of the Legislature in enacting this chapter to place restrictions on the use of assault weapons and to establish a registration and permit procedure for their lawful sale and possession. . . ."

Defendant submits punishing mere possession of an assault rifle when any other crime is committed leads to absurd results. He posits the example that a person who owns an Uzi (locked in his closet in Los Angeles) who is convicted of driving without a license in Sacramento in violation of Vehicle Code section 12500, would be subject to the additional section 12280, subdivision (c) enhancement. He concludes there must be some nexus between the possession and the conviction of the other crime to justify the additional sentence and such nexus is lacking in his case. We need not

*See footnote, *ante*, page 391.

address defendant's hypothetical situation. Under the facts of this case, imposition of the enhancement fostered the legislative purpose behind the assault weapons control act.

The circumstances surrounding defendant's section 12280 offense were: defendant stabbed his girlfriend with the intent to kill her and returned to his own apartment. He may have put the assault weapon in the car at that time. When officers pursued him, he led them on a reckless high-speed chase in an effort to escape and was physically violent when he was apprehended. The mere presence of the assault weapon in defendant's vehicle while he engaged in his criminal conduct posed a very real threat to the health and safety of all persons within reach of the weapon's firepower.

We read section 12275.5 to restrict possession of assault weapons not just because they may be *used* in the commission of other crimes but because their mere availability to criminals while those criminals are committing other crimes, poses an unreasonable threat to all citizens of the state. Thus, the sentence imposed here was squarely within the Legislature's intent to punish those who unlawfully possess assault weapons while committing additional crimes.

III., IV.*

. . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The conviction for violation of Vehicle Code section 20002, subdivision (a) is reversed. The judgment is affirmed in all other respects.

Ardaiz, J., and Schultz, J.,† concurred.

Appellant's petition for review by the Supreme Court was denied October 15, 1992.

---

*See footnote, *ante*, page 391.

†Judge of the Kings Superior Court sitting under assignment by the Chairperson of the Judicial Council.