Filed 7/22/24  P. v. Lang CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B331106 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA104008) |
| v. | |
| DANTAY MALIK LANG, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Joseph J. Burghardt, Judge.  Affirmed.

Naomi L. Svensson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Dantay Malik Lang appeals from a judgment of conviction by jury of four firearm related offenses (Pen. Code, §§ 245, subd. (a)(2), 29800, subd. (a)(1), 25850, subd. (a), 25400, subd. (a)(1))[1] arising from an incident involving his girlfriend inside a Lyft vehicle. After reviewing the record, defendant's appointed counsel filed an opening brief asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Defendant filed a supplemental brief raising one claim of ineffective assistance of counsel. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

Dennis Uitz, a Lyft driver, testified as a percipient witness to the incident between defendant and his girlfriend occurring inside Uitz's car on October 31, 2020. As Uitz drove defendant and his girlfriend, he watched defendant engage in several acts of physical aggression against his girlfriend. Uitz attempted to drop both passengers off at a location. Defendant grabbed his girlfriend to leave the car, and when she refused defendant pulled up his shirt to reveal a gun. Uitz saw what he believed was a chrome handgun and noticed defendant was wearing a backpack on his shoulders. Defendant took out the gun and told his girlfriend, "Get out of the car." When she refused, defendant pointed the gun at Uitz's head and said, "Get out of the car or I'm going to shoot him." Defendant's girlfriend got out of the car and defendant told Uitz to drive away. After driving a short distance,

---

[1] Subsequent references to statutes are to the Penal Code.

[2] We limit our factual background to facts relevant to defendant's claim and to provide context.

2

Uitz called 911 to report the incident. When shown a photograph of a firearm recovered near the scene, Uitz identified it as the handgun the defendant had on the night of the incident.

During cross-examination, defense counsel questioned Uitz's ability to recall details of the incident and his prior descriptions of the firearm. Counsel inquired if Uitz previously testified the gun was a .357 magnum. Uitz admitted he previously identified the gun as a .357 magnum but stated he must have "guess[ed]" about the caliber at the prior proceeding. Asked why he had given false testimony under oath, Uitz explained, "For me it was a guess. I was thinking that's what it is." Uitz continued, "I don't know about guns. I don't know how a .357 magnum or a .45 magnum is. I don't even know what's a magnum. [¶] I just know that if I see a gun that is big, I will look at it, it kind of looks like a magnum or an automatic. I just . . . see it it's just a powerful gun."

During recross-examination, defense counsel asked Uitz again if he was "mistaken from what you testified [to] earlier." Uitz responded, "Like I said earlier, I am not recognizing guns. I always confuse it from a .357 or a .45 or a -- I don't know what's next from that. But usually that moment I will say it can be a .25 even if it's a .357 or a .45. I was in shock that day."

Next to testify were officers from the Hawthorne Police Department. Officer Sarah Lewis canvassed the scene with her canine partner. After they arrived at the location of defendant's initial detention, Officer Lewis saw defendant's mother pick up a backpack defendant had appeared to drop before he was apprehended. Officer Lewis examined the backpack to confirm no firearm was inside. Officer Lewis instructed her canine to search a pathway between the area in which defendant was

3

detained and where he and his girlfriend had been dropped off. The canine alerted Officer Lewis to a firearm in the bushes.

Officer Naghaway recovered the firearm approximately 50 feet from where law enforcement initially made contact with defendant's mother. The recovered handgun (a .9 millimeter Taurus semiautomatic) was depicted in the same photograph shown to Uitz at trial. The firearm was unregistered.

During cross-examination, defense counsel asked Officer Naghaway if the gun was "ever dusted for fingerprints" or if "a D.N.A. test was ever conducted on the firearm." Though she believed testing had been done, Officer Naghaway stated she was not with "the forensics" and "wouldn't know" the results.

At the close of the prosecution's case-in-chief, defense counsel moved to dismiss the charges for insufficient evidence (§ 1118.1) based in part on the absence of forensic testing on the recovered firearm. The court denied the motion.

In his closing argument, defense counsel argued the prosecution "failed to prove their case." Counsel asked the jury: "What evidence have we not seen? Well, we have not seen fingerprints. We've not seen fingerprints on the gun, on the magazine, or on the bullets. That is strange. Usually that's the very first thing anyone would be looking for in a firearms case for obvious reasons." Counsel continued, "The officer testified that there was apparently some sort of fingerprints test done, but you didn't receive any information regarding what those results were . . . ." Counsel also questioned the absence of "evidence that any D.N.A. tests was [sic] done or that any such [odor] particles were found" on the gun. In summation, counsel argued, "There's an awful lot of evidence here that we have not seen."

4

Defendant was charged and convicted of assault with a firearm (§ 245, subd. (a)(2), count 1), felon in possession of a firearm (§ 29800, subd. (a)(1), count 2), carrying a loaded firearm on one's person (§ 25850, subd. (a), count 3), and having a concealed firearm in a vehicle (§ 25400, subd. (a)(1), count 4). Defendant waived his right to a jury trial on prior conviction allegations and stipulated he suffered two prior convictions for knowingly obtaining, concealing, or selling a stolen vehicle (§ 496d, subd. (a)), and two convictions for first degree burglary (§§ 459, 460). The court denied defendant's motion to strike his prior burglary convictions (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497) and sentenced defendant to the upper term of 25 years to life for assault with a firearm. Defendant filed a notice of appeal from the judgment.

## DISCUSSION

After reviewing the record, defendant's court-appointed appellate counsel filed an opening brief under *Wende*, requesting an independent examination of the record. On January 22, 2024, defendant filed a supplemental brief raising one claim of ineffective assistance of counsel. He claims defense counsel rendered ineffective assistance for "not presenting any sort of defense in challeng[ing]" the identification of a firearm recovered at the scene. Defendant avers his trial counsel was ineffective by failing to argue the absence of evidence "physically linking this handgun to [defendant] . . . such as fingerprints, DNA, nor even being in the vicinity discarding the gun." Defendant faults both trial and appellate counsel for not raising this argument on appeal.

Defendant's ineffective assistance claim requires a showing of both deficient performance and prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 (*Strickland*); see *People v. Lang* (1974) 11 Cal.3d 134, 142; *Smith v. Robbins* (2000) 528 U.S. 259, 285 (*Smith*) [adopting *Strickland* standard for assessing claims of ineffective assistance of appellate counsel].)

Having independently reviewed the record, we discern no basis for a claim of ineffective assistance of appellate or trial counsel. As discussed, defense counsel pursued the very theory defendant identifies on appeal. Through examination of witnesses and closing argument, trial counsel questioned the absence of physical evidence linking defendant to the firearm recovered near the scene of the assault and firearm offenses.

Defendant does not show how defense counsel's failure to pursue this theory of defense in a different manner, or to seek out the results of any forensic examination, was done without any rational or tactical purpose. (See *People v. Adkins* (2002) 103 Cal.App.4th 942, 950–951 (*Adkins*) [reviewing courts "reverse convictions on the ground of inadequate assistance of counsel *only* when the record affirmatively reveals that counsel had *no rational tactical purpose* for an allegedly incompetent act or omission'"]; accord, *People v. Datt* (2010) 185 Cal.App.4th 942, 952–953.)

Defendant's argument presumes that if forensic testing were pursued, it might have revealed exculpatory evidence that would assist his theory of defense. Absent any evidentiary proof in the record, such speculation cannot establish an ineffective assistance claim. (See *People v. Jimenez* (1992) 8 Cal.App.4th 391, 397–398; see also *People v. Mitcham* (1992) 1 Cal.4th 1027, 1059.) Under the circumstances, we conclude defense counsel's

strategy and performance fell well within the objective standard of reasonableness under prevailing norms.  (*Strickland*, *supra*, 466 U.S. at pp. 686–688; see *Adkins*, *supra*, 103 Cal.App.4th at p. 950.)

We have examined the entire record and are satisfied that no arguable issues exist, and that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith*, *supra*, 528 U.S. at p. 278.)

## DISPOSITION

The judgment is affirmed.


MORI, J.

We concur:



COLLINS, Acting P. J.



ZUKIN, J.