[No. B151613. Second Dist., Div. Three. Oct. 31, 2001.]

In re JANET DELONG on Habeas Corpus.

## COUNSEL

Michael P. Judge, Public Defender, Albert J. Menaster, Michael J. Schultz and Alex Ricciardulli, Deputy Public Defenders, for Petitioner the People.

Steve Cooley, District Attorney, George M. Palmer, Head Deputy District Attorney, and Phyllis C. Asayama, Deputy District Attorney, for Respondent Janet DeLong.

## OPINION

**KLEIN, P. J.**—Petitioner Janet DeLong (DeLong) seeks a writ of habeas corpus directing respondent superior court to sentence her to probation with no incarceration pursuant to Proposition 36, the drug probation initiative. (Pen. Code, § 1210 et seq.)[1]

The essential issue presented is the applicability of Proposition 36 to a defendant such as DeLong who was adjudged guilty prior to the initiative's effective date of July 1, 2001, but not sentenced until afterwards.

Proposition 36 applies to defendants *convicted* on or after July 1, 2001. *Conviction* within the meaning of section 1210.1 means adjudication of guilt and sentencing. Therefore, a defendant found guilty before the initiative's effective date of July 1, 2001, but not sentenced until afterwards, was *convicted* after the effective date and comes within the ambit of Proposition 36. Accordingly, we grant the relief requested by DeLong.

### FACTUAL AND PROCEDURAL BACKGROUND

On November 21, 2000, an information was filed alleging that on August 10, 2000, DeLong committed the crime of possession of a controlled substance, namely cocaine, in violation of Health and Safety Code section 11350, subdivision (a), a felony. The case was tried to a jury which, on May 18, 2001, returned a verdict of guilty.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

Sentencing was continued to June 14, 2001, and DeLong was permitted to remain released on her own recognizance until then, conditioned on her attendance at Narcotics Anonymous meetings. On June 14, 2001, DeLong appeared in court and submitted proof of her attendance at meetings. The trial court granted DeLong's request to continue sentencing to July 12, 2001, and allowed her to travel to Pennsylvania.

On July 1, 2001, Proposition 36 took effect. The following day, DeLong filed a motion to apply the sentencing provisions of Proposition 36 to the instant case.

Section 1210.1, which was added to the Penal Code by Proposition 36, provides in relevant part that "any person *convicted* of a nonviolent drug possession offense shall receive probation." (§ 1210.1, subd. (a), italics added.) DeLong argued Proposition 36 is applicable in cases in which the conviction, i.e. adjudication of guilt *and* sentencing thereon, occurs on or after July 1, 2001. According to DeLong, because she had not yet been sentenced, she would not be *convicted* until after the statute's effective date and therefore she was eligible for probation thereunder.

On July 12, 2001, the matter came on for hearing. The People opposed DeLong's motion, arguing she was ineligible for sentencing under Proposition 36 because the initiative "applies to crimes committed on July 1st and thereafter." Further, even assuming Proposition 36 applies to convictions occurring on or after July 1, 2001, DeLong would be ineligible because she was *convicted*, i.e., found guilty by a jury, prior to July 1, 2001.

The trial court ruled, "I don't find that she falls within the scheme of Prop. 36 within the time frame allotted for Prop. 36." The trial court found the conviction occurred on May 18, 2001, the date the jury returned its guilty verdict, and because the conviction preceded July 1, 2001, Proposition 36 was unavailing to DeLong. The trial court suspended the imposition of sentence and placed DeLong on formal probation for a period of three years on various terms and conditions, including serving the first 150 days in county jail.

DeLong filed the instant petition. We issued an order to show cause and directed that DeLong's incarceration be stayed pending further order of this court.[2]

---

[2]After this court issued the order to show cause, the Los Angeles County District Attorney's Office adopted an interim policy, effective August 2, 2001, that a defendant in DeLong's posture, who had been found guilty of a qualifying offense prior to July 1, 2001, but not sentenced until afterwards, is eligible for probation pursuant to Proposition 36.

CONTENTIONS

 DeLong contends Proposition 36 should apply to a defendant so long as she is sentenced after July 1, 2001, regardless of the date the crime was committed or the date the defendant was found guilty.

DISCUSSION

1. *Proposition 36.*

Proposition 36, which was approved by the voters at the November 7, 2000 General Election, effected a change in the sentencing law so that a defendant convicted of a nonviolent drug possession offense is generally sentenced to probation, instead of state prison or county jail, with the condition of completion of a drug treatment program. The declared purpose of Proposition 36 is to "divert from incarceration into community-based substance abuse treatment programs nonviolent defendants, probationers and parolees charged with simple drug possession or drug use offenses." (Prop. 36, § 3.)

The statutory scheme consists of the following sections: Penal Code section 1210, which defines various terms; Penal Code section 1210.1, which provides for probation and drug treatment for persons convicted of a nonviolent drug possession offense; Penal Code section 3063.1, generally providing for drug treatment rather than parole revocation if a parolee commits a nonviolent drug possession offense or violates a drug-related condition of parole; and Health and Safety Code sections 11999.4 through 11999.13, pertaining to funding for substance abuse treatment.

Section 1210.1 states in relevant part: "(a) Notwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation. [¶] As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program. The court may also impose, as a condition of probation, participation in vocational training, family counseling, literacy training and/or community service. A court may not impose incarceration as an additional condition of probation."

With respect to its effective date, Proposition 36 provides: "Except as otherwise provided, the provisions of this act shall become effective July 1, 2001, and its provisions shall be applied prospectively." (Prop. 36, § 8.)

## 2. *Section 1210.1 applies prospectively to defendants convicted on or after after its effective date.*

### a. *Date of conviction, not date of commission of offense, determines eligibility.*

"Proper interpretation starts with the actual language of the statute." (*American Nat. Ins. Co. v. Low* (2000) 84 Cal.App.4th 914, 923-924 [101 Cal.Rptr.2d 288].) Section 1210.1, subdivision (a), states "any person *convicted* of a nonviolent drug possession offense shall receive probation." (Italics added.) Thus, by the plain meaning of the statute, it is the date of the conviction, not the date of commission of the offense, which determines eligibility.[3]

### b. *Section 1210.1 applies prospectively to convictions occurring on or after July 1, 2001.*

■ *In re Estrada* (1965) 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948] "stands for the proposition that, 'where the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed.' (*Estrada, supra,* 63 Cal.2d at p. 748.) To ascertain whether a statute should be applied retroactively, legislative intent is the 'paramount' consideration: 'Ordinarily, when an amendment lessens the punishment for a crime, one may reasonably infer the Legislature has determined imposition of a lesser punishment on offenders thereafter will sufficiently serve the public interest.' ([*In re*] *Pedro T.* [(1994)] 8 Cal.4th [1041,] 1045 [36 Cal.Rptr.2d 74, 884 P.2d 1022].)" (*People v. Nasalga* (1996) 12 Cal.4th 784, 792 [50 Cal.Rptr.2d 88, 910 P.2d 1380].)

The rule "in *Estrada,* of course, is not implicated where the Legislature clearly signals its intent to make the amendment prospective, by the inclusion of either an express saving clause or its equivalent. [Fn. omitted.]" (*People v. Nasalga, supra,* 12 Cal.4th at p. 793.)

■ Here, we have no occasion to construe whether Proposition 36 was intended to apply prospectively or retroactively because section 8 thereof expressly provides the initiative applies *prospectively*, effective July 1, 2001.

---

[3]The People agree "[t]he clear intent of the statute is that those defendants who are convicted on or after the effective date are eligible" and that "the conviction date controls *when* an offender is eligible for a treatment program."

3. *Proposition 36 applies to defendants convicted on or after July 1, 2001; conviction within the meaning of section 1210.1 means adjudication of guilt and judgment thereon; therefore, a defendant who was awaiting sentencing on July 1, 2001, is eligible for sentencing under section 1210.1.*

The remaining question is the proper interpretation and application of the term "convicted" as used in section 1210.1. ▮ In approaching the issue, we are mindful that when language in a penal statute is reasonably susceptible of two constructions, ordinarily the construction that is more favorable to the defendant will be adopted. (*People v. Alday* (1973) 10 Cal.3d 392, 394 [110 Cal.Rptr. 617, 515 P.2d 1169]; see generally 1 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Introduction to Crimes, § 24, pp. 51-53.)

▮ *People v. Rhoads* (1990) 221 Cal.App.3d 56, 60 [270 Cal.Rptr. 266], "recognize[d] that 'the term "conviction" has no fixed definition and has been interpreted by the courts of this state to have various meanings, depending upon the context in which the word is used.'" (Accord, *People v. Williams* (1996) 49 Cal.App.4th 1632, 1637 [57 Cal.Rptr.2d 448].)

Similarly, *People v. Shirley* (1993) 18 Cal.App.4th 40 [22 Cal.Rptr.2d 340], observed: "An ambiguous term, 'convicted' has been given several meanings. 'As appears in the case law, the terms "convicted" or "conviction" do not have a uniform or unambiguous meaning in California. Sometimes they are used in a narrow sense signifying a verdict or guilty plea, some other times they are given a broader scope so as to include both the jury verdict (or guilty plea) *and* the judgment pronounced thereon.' (*Boyll* v. *State Personnel Board* (1983) 146 Cal.App.3d 1070, 1073-1074 [194 Cal.Rptr. 717], italics in original.) [¶] Here 'convicted' must be given a meaning which comports with the purpose of section 667, which is aimed at deterring recidivism. In reference to section 667, the high court has stated: 'The basic purpose of the section—the deterrence of recidivism—would be frustrated by a construction which did not take account of prior criminal conduct.' [Citation.]" (*People v. Shirley, supra*, 18 Cal.App.4th at p. 46.) Likewise, *People v. Milosavljevic* (1997) 56 Cal.App.4th 811 [65 Cal.Rptr.2d 562], recognized the terms "convicted" or "conviction" are ambiguous and may denote a verdict or guilty plea, or may include both the verdict or guilty plea and the judgment pronounced thereon. (*Id.* at p. 816.)

Applying this rule in the instant case, we conclude section 1210.1's use of the term "convicted" must be given a meaning that comports with the purpose of Proposition 36, which is aimed at diverting nonviolent defendants from incarceration into substance abuse treatment programs. (Prop. 36, § 3.)

As set forth below, the provisions of Proposition 36 reflect it was intended to have a far-ranging application to nonviolent drug offenders.

For example, Proposition 36 extends to defendants who were already *on probation* at the time the initiative took effect. Section 1210.1, subdivision (e)(3)(D), provides: "If a defendant on probation at the effective date of this act for a nonviolent drug possession offense violates that probation either by being arrested for a nonviolent drug possession offense, or by violating a drug-related condition of probation, and the state moves to revoke probation, the court shall conduct a hearing to determine whether probation shall be revoked. The trial court shall revoke probation if the alleged probation violation is proved and the state proves by a preponderance of the evidence that the defendant poses a danger to the safety of others. If the court does not revoke probation, it may modify probation and impose as an additional condition participation in a drug treatment program."

Similarly, Proposition 36 also embraces defendants who were already *on parole* at the time the initiative became effective. Section 3063.1, subdivision (d)(3)(C), provides: "If a parolee already on parole at the effective date of this act violates that parole either by being arrested for a nonviolent drug possession offense, or by violating a drug-related condition of parole, and the Parole Authority acts to revoke parole, a hearing shall be conducted to determine whether parole shall be revoked. Parole shall be revoked if the parole violation is proved and a preponderance of the evidence establishes that the parolee poses a danger to the safety of others. If parole is not revoked, the conditions of parole may be modified to include participation in a drug treatment program as provided in subdivision (a)."

In view of Proposition 36's provisions extending it to defendants who were already on probation or on parole at the time the initiative took effect, no rationale appears to exclude from its wide reach the limited class of defendants who, as of the effective date, had been adjudged guilty and were awaiting sentencing.

Although approved at the November 7, 2000 General Election, the initiative's effective date was delayed until July 1, 2001, solely for practical considerations. The People acknowledge: "[G]iven the obvious intent of the statute to divert from incarceration defendants, probationers and parolees, it is apparent that the setting of the effective date, some eight months after passage, was designed to allow the state to set up the required treatment programs . . . ."

Obviously, the implementation of Proposition 36 would require that treatment programs be in place by the time defendants were sentenced. Penal

Code section 1210, subdivision (b), requires defendants' participation in "a licensed and/or certified community drug treatment program." That extensive infrastructure could not be in place by January 1, 2001, less than eight weeks after the election. Further, the implementation of the initiative required an appropriation from the general fund for substance abuse treatment programs (Health & Saf. Code, § 11999.5)[4] and distribution of monies to the counties (Health & Saf. Code, § 11999.6). Thus, the voters delayed the effective date to July 1, 2001, so that treatment facilities could be in place, not out of a desire to preserve the stricter sentencing scheme for nonviolent drug offenders for a few more months.

Thus, Proposition 36 applies to defendants convicted on or after its July 1, 2001 effective date. For the reasons set forth above, the term "convicted" in section 1210.1 should be interpreted so as to give the initiative a broad application. We therefore conclude "convicted" within the meaning of section 1210.1 means adjudication of guilt *and* judgment thereon. Consequently, DeLong, who was found guilty but had not yet been sentenced when the initiative took effect on July 1, 2001, had not yet been convicted as of that date and thus is eligible for sentencing pursuant to Proposition 36.

4. *An order suspending imposition of sentence is a form of sentencing that results in an appealable order and therefore amounts to a conviction within the meaning of section 1210.1.*

As indicated, on July 12, 2001, the trial court suspended imposition of sentence and placed DeLong on probation on condition she serve 150 days in county jail. The People argue that because the trial court suspended imposition of sentence, DeLong has not yet been sentenced. In other words, if "conviction" requires both adjudication of guilt and sentencing, the suspension of the imposition of sentence means that DeLong still has not been convicted for purposes of Proposition 36. The People further contend that in the context of Proposition 36, including sentence and judgment within the definition of "conviction" causes a conflict with other portions of section 1210.1. The People assert that if "conviction" includes sentencing, then all defendants currently serving custody time as a condition of probation without imposition of sentence, and all other defendants on probation without imposition of sentence, can demand Proposition 36 treatment. These contentions require an understanding of the significance of a probation order suspending the imposition of sentence.

As explained in *People v. Howard* (1997) 16 Cal.4th 1081, 1084 [68 Cal.Rptr.2d 870, 946 P.2d 828], "[w]hen the trial court in a criminal case

---

[4]Health and Safety Code section 11999.5 provides for a $60 million appropriation for the 2000-2001 fiscal year and an appropriation of $120 million for subsequent fiscal years.

decides at time of sentencing to grant the defendant probation, the court may either suspend imposition of sentence or actually impose sentence but suspend its execution. (See Pen. Code, § 1203.1, subd. (a).) If the court has suspended imposition of sentence and later revokes the defendant's probation, then the court has undisputed authority to choose from all the initially available sentencing options. (§ 1203.2, subd. (c).)" (Fn. omitted.)[5]

Thus, an order granting probation and suspending imposition of sentence is a form of sentencing. (See *People v. Howard, supra*, 16 Cal.4th at pp. 1084, 1092.) Although this type of probation sentence defers the pronouncement of sentence, the probation order is a final judgment for purposes of appellate review. (*Id.* at p. 1087.)

Consequently, if an order granting probation and suspending imposition of sentence was made *prior* to July 1, 2001, the *conviction*, as we have construed that term, occurred prior to the effective date of Proposition 36. Here, however, the order suspending imposition of sentence with probationary conditions occurred on July 12, 2001. Therefore, DeLong's *conviction* occurred after Proposition 36's effective date, bringing her within the ambit of the initiative.

### DISPOSITION

The order to show cause is discharged. The petition for writ of habeas corpus is granted. Let a writ of habeas corpus issue, directing respondent to sentence DeLong in accordance with section 1210.1.

Croskey, J., and Aldrich, J., concurred.

---

[5] In contrast, where a sentence has actually been imposed but its *execution* has been suspended, the revocation of the suspension of execution of the judgment brings the former judgment into full force and effect. (*People v. Howard, supra*, 16 Cal.4th at p. 1087.)