131 Cal.Rptr.2d 375 (2003)
106 Cal.App.4th 1030
The PEOPLE, Plaintiff and Respondent,
v.
Rafael MENDOZA, Defendant and Appellant.
No. B158663.
Court of Appeal, Second District, Division Five.
March 6, 2003.
Review Denied May 14, 2003[*]
Jonathan B. Steiner and Richard L. Fitzer, under appointment by the Court of Appeal, Los Angeles, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Senior Assistant *376 Attorney General, Marc J. Nolan, Supervising Deputy Attorney General, and Lance E. Winters, Supervising Deputy Attorney General, for Plaintiff and Respondent.
MOSK, J.
Defendant and appellant Rafael Mendoza pleaded guilty to a nonviolent drug possession offense in 1997, but he failed to appear for his sentencing hearing. Thereafter, the voters passed Proposition 36, the Substance Abuse and Crime Prevention Act of 2000, which measure became effective on July 1, 2001. The act provides for probation sentences for certain nonviolent drug offenders and operates prospectively. Defendant was finally arrested in May 2002, and received a sentence that included time to be served in the county jail. We hold that defendant is not entitled to disposition under Proposition 36, because he was "convicted," as that term is used in the act, before its effective date. Therefore, we affirm the judgment.

FACTUAL BACKGROUND
In October 1997, defendant pleaded guilty to one count of possession of a controlled substance, in violation of Health and Safety Code section 11350, subdivision (a). The terms of his plea agreement were that he would be placed on three years' probation and serve one year in county jail. Defendant failed to appear at a probation and sentencing hearing that was scheduled for November 1997. The trial court issued a bench warrant for his arrest.
Defendant was arrested pursuant to the bench warrant in April 2002. The trial court denied defendant's request for disposition under Proposition 36 and to withdraw his plea. The court sentenced defendant to three years of formal probation on the conditions that he serve 365 days in county jail, pay a $200 restitution fine (Pen.Code,[1] § 1202.4, subd. (b)), and pay a $50 lab analysis fee (Health & Saf.Code, § 11372.5) plus penalty assessments in the amount of $85 (§ 1464; Gov.Code, § 76000).

DISCUSSION
Defendant, relying primarily on In re DeLong (2001) 93 Cal.App.4th 562, 567-568, 113 Cal.Rptr.2d 385 (DeLong), contends that although he pleaded guilty to the nonviolent drug possession offense in 1997, he is entitled to disposition under Proposition 36 because he was not sentenced until May 2002, after the effective date of Proposition 36. We do not agree.
Proposition 36 added section 1210.1 to the Penal Code. Section 1210.1, subdivision (a), provides the following: "(a) Notwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation. As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program. The court may also impose, as a condition of probation, participation in vocational training, family counseling, literacy training and/or community service. A court may not impose incarceration as an additional condition of probation. Aside from the limitations imposed in this subdivision, the trial court is not otherwise limited in the type of probation conditions it may impose. Probation shall be imposed by suspending the imposition of sentence."
Proposition 36 applies prospectively. (Ballot Pamp., Gen. Elec. (Nov. 7, 2000) text of Prop. 36, § 8, p. 69 ["Except as otherwise provided, the provisions of this act shall become effective July 1, 2001, and its provisions shall be applied prospectively"]; *377 DeLong, supra, 93 Cal.App.4th at pp. 567-568, 113 Cal.Rptr.2d 385.) As held in DeLong, because Proposition 36 applies prospectively, only defendants who have been "convicted" on or after July 1, 2001 are entitled to disposition under the act. (93 Cal.App.4th at pp. 568-570, 113 Cal. Rptr.2d 385 [date of conviction and not date of commission of offense determines Proposition 36 eligibility]; see generally In re Estrada (1965) 63 Cal.2d 740, 748, 48 Cal.Rptr. 172, 408 P.2d 948 [rule that an amendatory statute mitigating punishment applies retroactively is not applicable when there is a prospective clause]; People v. Nasalga (1996) 12 Cal.4th 784, 793, 50 Cal.Rptr.2d 88, 910 P.2d 1380.)
Whether defendant here is entitled to disposition under Proposition 36 depends on the meaning of the word "convicted" as used in section 1210.1, subdivision (a). The term "convicted" has no uniform or unambiguous meaning in California. (Boyll v. State Personnel Board (1983) 146 Cal.App.3d 1070, 1073, 194 Cal. Rptr. 717.) It sometimes refers to a verdict or guilty plea, and other times it means a verdict or guilty plea and the judgment pronounced on the verdict or plea. (Ibid.) For example, when a civil disability is a consequence of a conviction, the term generally includes the guilty verdict or plea and the judgment (id. at p. 1074, 194 Cal.Rptr. 717), but for purposes of imposing a sentencing enhancement, "conviction" means only the ascertainment of guilt (People v. Rhoads (1990) 221 Cal. App.3d 56, 60, 270 Cal.Rptr. 266).
To determine the meaning of a term in the statute, the court "turns first to the words themselves for the answer. It may also properly rely on extrinsic aids, the history of the statute, the legislative debates, committee reports, statements to the voters on initiative and referendum measures. Primarily, however, the words, in arrangement that superimposes the purpose of the Legislature upon their dictionary meaning, stand in immobilized sentry, reminders that whether their arrangement was wisdom or folly, it was wittingly undertaken and not to be disregarded." (People v. Knowles (1950) 35 Cal.2d 175, 182, 217 P.2d 1 (Traynor, J.).) "If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) or of the voters (in the case of a provision adopted by the voters)." (Lungren v. Deukmejian (1988) 45 Cal.3d 727, 735, 248 Cal.Rptr. 115, 755 P.2d 299; see also Horwich v. Superior Court (1999) 21 Cal.4th 272, 276-277, 87 Cal.Rptr.2d 222, 980 P.2d 927 [general rules of statutory construction apply to initiatives].)
In this case, the clear and unambiguous language in section 1210.1, subdivision (a), controls resolution of the issue before us. Section 1210.1, subdivision (a), states that "any person convicted of a nonviolent drug possession offense shall receive probation." This language contemplates that to be "convicted" a defendant need not be sentenced, because it is only once a defendant has been convicted  meaning adjudicated guilty by verdict or plea  that the defendant, if eligible, is then given the sentence of probation. The conviction thus precedes, rather than includes, the sentence.
Material from the November 7, 2000 general election ballot pamphlet also shows that under Proposition 36 the sentence is distinct from the conviction. The pamphlet summarized Proposition 36 as follows: "A YES vote on this measure means: Adult offenders convicted of being under the influence of illegal drugs or using, transporting, or possessing illegal drugs for personal use would generally be sentenced to probation and drug treatment." (Ballot Pamp., Gen. Elec. (Nov. 7, 2000) ballot measure summary of Proposition 36, p. 3, italics added.) "Under this *378 proposition, . . . an offender convicted of a `nonviolent drug possession offense' would generally be sentenced to probation, . . . [¶][¶] Offenders convicted of nonviolent drug possession offenses would be sentenced by the court for up to one year of drug treatment in the community and up to six additional months of follow-up care." (Ballot Pamp., Gen. Elec. (Nov. 7, 2000) Analysis by the Legislative Analyst of Proposition 36, p. 23, italics added.) The pamphlet also states, "If Proposition 36 passes, nonviolent drug offenders convicted for the first or second time after 7/1/2001, will get mandatory, court-supervised, treatment instead of jail." (Ballot Pamp., Gen. Elec. (Nov. 7, 2000) Argument in Favor of Proposition 36, p. 26.)
Notwithstanding the language of section 1210.1, subdivision (a), and the ballot pamphlet, several Courts of Appeal have held that the term "convicted" means "adjudication of guilt and judgment thereon." (De-Long, supra, 93 Cal.App.4th at p. 570, 113 Cal.Rptr.2d 385; accord In re Scoggins (2001) 94 Cal.App.4th 650, 114 Cal.Rptr.2d 508 [defendant was "convicted" within meaning of Proposition 36 when deferred judgment was entered and sentence was imposed]; People v. Legault (2002) 95 Cal. App.4th 178, 181, 115 Cal.Rptr.2d 352.)[2] In DeLong, defendant was found guilty of felony cocaine possession in May 2001. Because her sentencing hearing was continued to two weeks after Proposition 36 took effect, the court determined that she had "not yet been convicted as of that date and thus is eligible for sentencing pursuant to Proposition 36." (DeLong, at p. 570, 113 Cal.Rptr.2d 385.) In so holding, the court in DeLong noted that the extension of Proposition 36 to defendants already on parole or probation on its effective date showed it has a "far-ranging application" that comported with its broad purpose  diversion of defendants committing nonviolent drug possession offenses from incarceration into substance abuse programs. (Id. at pp. 568-569, 113 Cal. Rptr.2d 385.)
Although we are sympathetic to this consideration, we do not follow DeLong's holding. (DeLong, supra, 93 Cal.App.4th 562, 113 Cal.Rptr.2d 385.) The court in DeLong and the cases relying on it did not address the analysis of the wording of section 1210.1, subdivision (a), that we apply.[3] Our conclusion that "convicted," as used in section 1210.1, subdivision (a), means only adjudication of guilt, and not adjudication of guilt and the judgment, reflects the plain meaning of Proposition 36. Accordingly, defendant is not entitled to sentencing disposition under Proposition 36.

DISPOSITION
The judgment is affirmed.
We concur: TURNER, P.J., and GRIGNON, J.
NOTES
[*] Kennard, J., dissented.
[1] All undesignated statutory references are to the Penal Code.
[2] Whether Proposition 36 applies to defendants convicted and sentenced before July 1, 2001 but whose convictions were pending on appeal on or after that date, and whether Proposition 36 denies such defendants the constitutional right to equal protection of the law are issues currently before the Supreme Court in People v. Floyd (2002) 95 Cal.App.4th 1092, 116 Cal.Rptr.2d 256, review granted on May 1, 2002, S105225, and People v. Fryman (2002) 97 Cal.App.4th 1315, 119 Cal.Rptr.2d 557, review granted on July 31, 2002, S107283.
[3] The Attorney General believes the word "convicted" in Proposition 36 includes the sentence but contends that defendant's conduct in absconding precludes the application of Proposition 36 in this case. Based on our interpretation of section 1210.1, subdivision (a), we do not address that contention.