Filed 12/24/15  P. v. Henderson CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT LAWRENCE HENDERSON<br><br>    Defendant and Appellant. | H041930<br>(Monterey County<br>Super. Ct. No. SS130159B) |

In this appeal, we are asked to determine whether the trial court's procedure for reducing appellant Robert Lawrence Henderson's conviction for possession of cocaine from a felony to a misdemeanor pursuant to Penal Code section 1170.18[1] was unauthorized.  For reasons we shall explain, we find that appellant has not preserved this issue for review.

On February 6, 2013, pursuant to a negotiated disposition, appellant entered a no contest plea to possession of cocaine.  (Health & Saf. Code, former § 11350, subd. (a), Stats. 2011, ch. 15, § 151, eff. Apr. 4, 2011 and operative Oct. 1, 2011.)  At the time of appellant's plea, possession of cocaine was a felony.  (Health & Saf. Code, former § 11350, subd. (a))  In accordance with the terms of his plea, the court suspended imposition of sentence and placed appellant on three years' felony probation.

The following year, the voters passed Proposition 47.  Relevant to this appeal, Proposition 47 amended Health and Safety Code section 11350.  "As amended by

---

[1] All further statutory references are the Penal Code unless otherwise specified.

Proposition 47, Health and Safety Code section 11350 now provides that a violation of that section is a misdemeanor, unless the defendant 'has one or more prior convictions' for an offense specified in Penal Code section 667, subdivision (e)(2)(C)(iv)—which lists serious and violent felonies that are sometimes referred to as ' "super strike" offenses'— or for an offense that requires the defendant to register as a sex offender under section 290, subdivision (c)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092.) Prior to the amendment, possession of the controlled substances designated in Health and Safety Code section 11350, subdivision (a) was a felony. (Health & Saf. Code, former § 11350, subd. (a).)[2]

In addition to amending several code sections, Proposition 47 created a new resentencing provision—section 1170.18. Under section 1170.18, a person "currently serving a sentence" for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).) A defendant who satisfies the criteria in section 1170.18, subdivision (a) shall have his or her sentence recalled and be "resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).) Subdivision (c) of section 1170.18 defines the term "unreasonable risk of danger to public safety," and subdivision (b) of the

---

[2] At the time of appellant's offense, Health and Safety Code section 11350 provided in relevant part: "(a) Except as otherwise provided in this division, every person who possesses (1) any controlled substance specified in subdivision (b) or (c), or paragraph (1) of subdivision (f) of Section 11054, specified in paragraph (14), (15), or (20) of subdivision (d) of Section 11054, or specified in subdivision (b) or (c) of Section 11055, or specified in subdivision (h) of Section 11056, or (2) any controlled substance classified in Schedule III, IV, or V which is a narcotic drug, unless upon the written prescription of a physician, dentist, podiatrist, or veterinarian licensed to practice in this state, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code."

statute lists factors the court must consider in determining "whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.18, subds. (b) & (c).)

In response to the passage of Proposition 47, appellant filed a motion pursuant to section 1170.18, subdivision (a) to recall his sentence and have his conviction reduced to a misdemeanor. The prosecutor opposed the motion to recall appellant's sentence. The prosecutor asserted that appellant, having been placed on felony probation, was not "serving a sentence" within the meaning of Proposition 47. Implicitly, the trial court agreed. Accordingly, in order to grant appellant the relief appellant requested under section 1170.18, the trial court sentenced appellant to 16 months to be served in the county jail, immediately granted his motion to recall that sentence, and reduced his conviction to a misdemeanor as provided for by section 1170.18, subdivision (b).[3]

Appellant filed a timely notice of appeal. On appeal, appellant contends that the court erred when it imposed a 16-month sentence because his felony became a misdemeanor automatically on passage of Proposition 47. Alternatively, assuming that this court finds the issue forfeited by defense counsel's acquiescence in the court's resentencing procedure, his counsel rendered ineffective assistance by agreeing to the sentencing procedure.

*Discussion*

Initially, appellant contends that Proposition 47 is retroactive and thus, because he was convicted but placed on felony probation and imposition of sentence suspended

---

**3** As relevant here, subdivision (b) of section 1170.18 provides, "Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor pursuant to [Section] 11350 . . . of the Health and Safety Code . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

when Proposition 47 went into effect, he had not yet been sentenced. Thus, he asserts that the court was required to automatically reduce his drug possession charges to misdemeanors. Appellant complains that the court's procedure in sentencing him to a felony term before receiving and granting his petition was unauthorized and constitutes reversible error.

Alternatively, appellant asserts that if felony probation constitutes serving a sentence within the meaning of Proposition 47, he was entitled to have his sentence of felony probation recalled and his conviction designated a misdemeanor without the intermediate step of sentencing him to state prison.

Appellant's claim that the court engaged in an unauthorized sentencing procedure is forfeited, any error having been invited. Defense counsel made no objection to the court's sentencing procedure of imposing a 16-month prison term and then recalling it. To the contrary, plainly, as the following colloquy shows, defense counsel filed a motion pursuant to section 1170.18 requesting recall and resentencing and explicitly agreed to the procedure whereby the court would impose a 16-month sentence and then recall it.

"THE COURT: Okay. Hello, Mr. Anderson. Good morning.

"[APPELLANT]: Good morning, ma'am.

"THE COURT: He's present, out of custody. And this is also a Prop 47 petition, and the People did file a response. Did you have an opportunity to read that, Ms. Chapman?[4]

"MS. CHAPMAN: Yes. And we have discussed it.

"THE COURT: Okay. And was a resolution reached here as well?

"MS. CHAPMAN: I think what we were going to propose to the Court would be that Mr. Henderson would refuse continued probation with regard to his felony probation,

_____

[4] Ms. Chapman was appellant's counsel in the court below.

4

at which time we would ask the Court for sentencing on a misdemeanor, if that works with the Court.

"THE COURT:  At least what I've been doing is sentencing, and then recalling and resentencing when someone is on probation.  So I'm sentencing on the felony and then immediately recalling and resentencing.  Is that fine?

"[PROSECUTOR]:  Yes.

"MS. CHAPMAN:  That's fine.

"THE COURT:  Okay.

"MS. CHAPMAN:  Yes.

"THE COURT:  In that case, formal arraignment for judgment and sentence waived?

"MS. CHAPMAN:  Yes.

"THE COURT:  Any legal cause?

"MS. CHAPMAN:  No, your Honor.

"THE COURT:  Okay.  I'm going to go ahead then, pursuant to the agreement, Mr. Henderson, and sentence you to the low term of 16 months in prison, to be served in the county jail, on Count 6, an [*sic*] 11350.  [¶]  And now, I'm recalling and resentencing you on Count 6 as a misdemeanor.  It's reduced to a misdemeanor."

Plainly, the failure to object was intentional.  "Ordinarily, an appellate court will not consider a claim of error if an objection could have been, but was not, made in the lower court.  [Citation.]  The reason for this rule is that '[i]t is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided.'  [Citations.]  '[T]he forfeiture rule ensures that the opposing party is given an opportunity to address the objection, and it prevents a party from engaging in gamesmanship by choosing not to object, awaiting the outcome, and then claiming error.'  [Citation.]"  (*People v. French* (2008) 43 Cal.4th 36, 46.)

5

Appellant contends that the procedure utilized by the trial court was an unauthorized sentence and therefore no objection was necessary. Certainly, an unauthorized sentence constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 354.) However, the sentence the court imposed and then recalled was in no way unauthorized. As appellant had been convicted of a felony and refused to continue on probation, the only sentence the court could impose was a felony sentence.[5]

More importantly, appellant is estopped from raising this issue because he consented to the resentencing procedure by filing his section 1170.18 petition, by refusing to continue on probation, by requesting resentencing, by receiving the resentencing he requested and by consenting to the resentencing procedure that the court employed. "A litigant who has stipulated to a procedure . . . may be estopped to question it when 'To hold otherwise would permit the parties to trifle with the courts.' [Citation.]" (*In re Griffin* (1967) 67 Cal.2d 343, 348.) Estoppel applies to a party who consents to an act, even if the act was undertaken beyond the court's authority. (See *People v. Ford* (2015) 61 Cal.4th 282, 289 [defendant's consent to the court's continued exercise of jurisdiction beyond the expiration of his probationary term estopped him from challenging it on appeal].) "The doctrine of judicial estoppel is designed to protect the

---

[5] Whether the court's procedure was unnecessary is an entirely different matter. We note that in *People v. Shabbaz* (2015) 237 Cal.App.4th 303, 310 (*Shabbaz*), the court assumed that for purposes of resentencing pursuant to section 1170.18, a defendant granted felony probation is " 'serving a sentence.' " Specifically, the court stated that "[s]ection 1170.18 identifies two ways a defendant sentenced *or placed on probation* prior to Proposition 47's effective date can have his or her sentence for an enumerated felony reduced to a misdemeanor." (*Shabbaz*, *supra*, at p. 310, italics added.) Further, as explained in *In re Delong* (2001) 93 Cal.App.4th 562, "an order granting probation and suspending imposition of sentence is a form of sentencing. [Citation.]" (*Id*. at p. 571.)

6

integrity of the legal system as a whole . . . ." (*People v. Castillo* (2010) 49 Cal.4th 145, 156.)

In the alternative, appellant argues that if an objection to the court's procedure was necessary to preserve this issue for review, his trial counsel rendered ineffective assistance by failing to lodge such an objection. Appellant asserts that he has been exposed to adverse consequences by the trial court's procedure in that his conviction "could be used to enhance the punishment for future cases as a prior felony conviction." Appellant makes this assertion without any citation to authority.

A criminal defendant has a right to the assistance of counsel. (*Strickland v. Washington* (1984) 466 U.S. 668, 684-685 (*Strickland*).) This right "entitles the defendant not to some bare assistance but rather to *effective* assistance." (*People v. Ledesma* (1987) 43 Cal.3d 171, 215 (*Ledesma*).) To prevail on a claim of ineffective assistance of counsel, a defendant must establish his attorney's representation fell below professional standards of reasonableness and must affirmatively establish prejudice. (*Strickland*, *supra*, at p. 687; *People v. Hart* (1999) 20 Cal.4th 546, 623-624; *People v. Fosselman* (1983) 33 Cal.3d 572, 584.) If the defendant's showing is insufficient as to one component of the claim, we need not address the other. (*Strickland*, *supra*, at p. 697.) In the context of this appeal, appellant must show that the sentencing procedure employed by the trial court has some future adverse consequences for him.

"In the usual case, where counsel's . . . strategic reasons for challenged decisions do not appear on the record, we will not find ineffective assistance of counsel on appeal unless there could be no conceivable reason for counsel's acts or omissions." (*People v. Weaver* (2001) 26 Cal.4th 876, 926.)

Appellant's ineffective assistance of counsel claim fails because appellant's only way to get immediate relief was to have his sentence recalled pursuant to section 1170.18. However, assuming for the sake of argument that counsel should not have

agreed to the court's resentencing procedure, he has not and will not suffer any adverse consequences from the procedure employed by the trial court.

First, under subdivision (k) of section 1170.18, "Any felony conviction that is recalled and resentenced under subdivision (b) . . . shall be considered *a misdemeanor for all purposes*, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6." (Italics added.)

In *People v. Park* (2013) 56 Cal.4th 782 (*Park*), the California Supreme Court interpreted an identical phrase to that italicized above, which can be found in section 17, subdivision (b).[6] The *Park* court found that the language *a misdemeanor for all purposes* precluded imposition of a sentencing enhancement based on a prior "wobbler" conviction that had been reduced to a misdemeanor. (*Park*, *supra*, at pp. 787, 798-799.)

The *Park* case involved a defendant who, in a prior case, had pleaded guilty to felony assault with a deadly weapon. (*Park*, *supra*, 56 Cal.4th at p. 787.) The trial court in the prior case suspended imposition of sentence and placed the defendant on probation, but later reduced the felony wobbler to a misdemeanor pursuant to section 17, subdivision (b)(3), and then dismissed it pursuant to section 1203.4, subdivision (a)(1). (*Park*, *supra*, at p. 787.) In a subsequent case in which a jury found the defendant guilty

---

[6] Section 17, subdivision (b)(3) governs the procedure for reducing felony "wobbler" offenses to misdemeanors: "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is *a misdemeanor for all purposes* under the following circumstances: [¶] . . . [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor." (Italics added.) As noted, the italicized language is identical to the language in section 1170.18, subdivision (k).

of new crimes, the defendant admitted a prior serious felony conviction (the prior felony wobbler) but informed the trial court that the wobbler had been reduced to a misdemeanor. (*Id*. at p. 788.) Nonetheless, the trial court imposed a 5-year sentence enhancement pursuant to section 667, subdivision (a). (*Park*, *supra*, at p. 788.) The California Supreme Court reversed the imposition of the enhancement. The Supreme Court held that the reduction of the wobbler to a misdemeanor meant there was no prior serious felony within the meaning of section 667, subdivision (a). (*Park*, *supra*, at p. 787.) In finding that the trial court could not impose the enhancement, the court explained, "It is evident from the statutory language that a wobbler becomes a 'misdemeanor for all purposes' under section 17(b)(3) only when the court takes affirmative steps to classify the crime as a misdemeanor. When the court properly has exercised its discretion to reduce a wobbler to a misdemeanor under the procedures set forth in section 17(b), the statute generally has been construed in accordance with its plain language to mean that the offense is a misdemeanor 'for all purposes.' " (*Id*. at p. 793.) The *Park* court found that nothing in the language or history of section 667, subdivision (a) signaled an intent to override that general rule. (*Park*, *supra*, at p. 799.)[7]

---

[7] In *Park*, the Supreme Court observed that there are several exceptions to this rule. "[U]nder Business and Professions Code section 6102, subdivision (b), an attorney who pleads guilty to, or is found guilty of, a wobbler charged as a felony is deemed convicted of a felony and subject to immediate suspension from the practice of law, even if the offense has been reduced to a misdemeanor pursuant to section 17(b)(1) or (b)(3). (See Gov.Code, § 1029, subd. (a) [disqualifying from employment as a peace officer any person who has been adjudged guilty of a felony, notwithstanding reduction of the offense to a misdemeanor pursuant to § 17(b)].) Similarly, under a provision of the Three Strikes law, the determination whether a prior conviction qualifies as a strike for purposes of sentencing under that law is based 'upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor.' (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1).) The Three Strikes law also explicitly provides that the determination of whether a prior offense constitutes a strike is not affected by the 'suspension of imposition of judgment or sentence.' (§§ 667, subd. (d)(1)(A), 1170.12, subd. (b)(1)(A).) (continued)

9

In *People v. Buycks* (2015) 241 Cal.App.4th 519 (*Buycks*), the Second District Court of Appeal, following *Park*, held that reduction of a felony conviction to a misdemeanor under Proposition 47 precluded use of the conviction for an on-bail enhancement. (*Buycks*, *supra*, at p. 525.) In *Buycks*, the defendant committed a felony narcotics offense (Health & Saf.Code, § 11350) and, while out on bail on that first offense, committed two additional felony offenses: petty theft with a prior (§ 666, subd. (a)) and evading a police officer (Veh.Code, § 2800.2, subd. (a)). In sentencing the defendant in the second case, the court imposed a two-year sentencing enhancement pursuant to section 12022.1, subdivision (b), which applies when a defendant commits a second felony while out on bail on an earlier felony. After voters passed Proposition 47, the trial court in the first case granted the defendant's petition to reduce his narcotics offense to a misdemeanor. Thereafter, the court in the second case reduced his petty theft with a prior count to a misdemeanor. The second evading-police felony count remained, and, because the defendant's original sentence was structured around the petty theft with a prior as the principal term, the court conducted a full resentencing to elevate the remaining felony count to a full base term. The court re-imposed the section 12022.1 enhancement. (*Buycks*, *supra*, at p. 522.) The *Buycks* court held that as in *Park,* after the

By this language, lawmakers made clear their intent to bring within the reach of the Three Strikes law a defendant whose wobbler was reduced to a misdemeanor after the time of initial sentencing. (See [*People v.*] *Feyrer* [(2010)] 48 Cal.4th [426,] 443-444 & fn. 8 [finding it evident that a wobbler reduced to a misdemeanor under § 17(b)(3) after suspension of imposition of sentence could be used as a prior felony conviction under the Three Strikes law in the event the defendant were to suffer a subsequent felony conviction]; see also *People v. Franklin* (1997) 57 Cal.App.4th 68, 73-74 [§ 17(b)(2), which deemed a wobbler a 'misdemeanor for all purposes' when the offender is committed to, and successfully discharged from, the Youth Authority, was one of the laws displaced by § 667, subd. (d)(1)]; *People v. Superior Court* (*Perez*) [(1995)] 38 Cal.App.4th [347,] 362-363 [a prior offense remains a felony for purposes of the Three Strikes law when the court's exercise of discretion under § 17(b)(3) to reduce a wobbler to a misdemeanor occurs after initial sentencing].)" (*Park*, *supra*, 56 Cal.4th at pp. 794-795.) It does not appear that any of these exceptions apply to appellant.

defendant obtained a reduction of his offense in the first case to a misdemeanor, section 1170.18, subdivision (k) required the court to treat that offense as a " 'misdemeanor for all purposes' " at his resentencing in the second case.  Thus, without a felony as a primary offense, the court could not re-impose the on-bail enhancement.  (*Buycks*, *supra*, at p. 526.)

Similarly here, since appellant's conviction for possession of cocaine is now a misdemeanor for all purposes, appellant cannot show that he is prejudiced by the procedure utilized by the trial court in resentencing him to a misdemeanor.  Simply put there is no prior felony conviction that could be used to enhance the punishment for future cases.  As such appellant's ineffective assistance of counsel claim fails.

*Disposition*

The judgment is affirmed.

_____

ELIA, ACTING P.J.

WE CONCUR:


_____

BAMATTRE-MANOUKIAN, J.




_____

MIHARA, J.




*The People v. Henderson*
H041930