Filed 10/28/24

CERTIFIED FOR PUBLICATION

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| THE PEOPLEA, | ) | No. 23APCM00051 |
| Plaintiff and Respondent, | ) ) | East Los Angeles Trial Court |
| v. | ) ) | No. 7CJ00666-04 |
| ILIA KUZMICHEY, | ) ) | |
| Defendant and Appellant. | ) ) | **OPINION** |
| | ) | |

APPEAL from an order of the Superior Court of Los Angeles County, Spurgeon E. Smith, Judge.  Affirmed.

Shevin Law Group, Eric D. Shevin, and Stephen J. Fisch, for Defendant and Appellant.

Hydee Feldstein Soto, City Attorney, City of Los Angeles, Meredith A. McKittrick, Supervising City Attorney, and Edwin Kim, Deputy City Attorney, for Plaintiff and Respondent.

\*          \*          \*

In December 2017, defendant Ilia Kuzmichey took advantage of a Los Angeles Deferral of Sentencing Pilot Program (former Pen. Code, § 1001.94 et. seq.)[1] and, over the prosecutor's objection, pled no contest/nolo contendere to two misdemeanor marijuana offenses (L.A. Mun. Code, §§ 45.19.6.2(A), 12.21.A.1(a)) in exchange for one year of judicial diversion. In December 2018, the trial court found defendant complied with the terms of diversion. As a result, his plea was withdrawn and his case was dismissed pursuant to Penal Code section 1001.94.[2]

In November 2022, defendant filed a section 1473.7 motion to set aside his plea on the ground that he did not understand its immigration consequences and, according to his declaration, his plea was interfering with his efforts to "adjust his immigration status." The trial court denied defendant's motion, finding section 1473.7 is not applicable to cases that were dismissed under the Sentence Deferral Program. Defendant appeals the related order.

We affirm the trial court's order. Defendant's successful completion of the Sentence Deferral Program nullified his plea well before he brought his section 1473.7 motion. This left no plea or conviction for which section 1473.7 could provide relief.

**DISCUSSION**

***Standard of Review***

Trial court rulings on section 1473.7 motions "are predominantly questions of law" and therefore subject to independent review. (*People v. Vivar* (2021) 11 Cal.5th 510, 524-525.) Similarly, the trial court's interpretation of a statute is reviewed de novo. (*People v. McDavid* (2024) 15 Cal.5th 1015, 1023.)

---

[1]All references to this statutory scheme (Pen. Code, §1001.94 et seq.) are to the version as it existed at the time defendant entered his plea in 2017. The legislation is also referred to as the "Sentence Deferral Program."

[2]Although the minute order cites Penal Code section 1001.94 as the basis for dismissal, the relief for successful completion of the program is set forth in Penal Code section 1001.96. All further statutory references are to the Penal Code.

## *No Available Section 1473.7 Relief*

Section 1473.7 is a vehicle for a defendant to "file a motion to vacate a conviction or sentence" if "[t]he conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence." (§ 1473.7, subd. (a)(1).) The statute is quite clear in that it requires the defendant to have a "conviction or sentence" that could be vacated by the trial court. Where statutory language is not ambiguous, the plain meaning of the language governs. (*People v. Walker* (2002) 29 Cal.4th 577, 581; *Gorham Co., Inc. v. First Financial Ins. Co.* (2006) 139 Cal.App.4th 1532, 1543-1544 ["Although courts may disregard literal interpretation of a statute . . . [citation], they should do so rarely, and only in 'extreme cases'—those in which, as a matter of law, the Legislature did not intend the statute to have its literal effect . . . ."].)

The threshold question in deciding the propriety of the trial court's ruling is whether defendant had a conviction or sentence when he made his motion. Defendant was never sentenced so we turn to whether he sustained a conviction within the meaning of section 1473.7, subdivision (a). Under well-settled law, defendant sustained a conviction when the trial court accepted and entered his plea of no contest.[3] Nonetheless, section 1473.7 relief was inapplicable because, at the time the motion was litigated, defendant's plea (or "conviction") no longer existed. In other words, there was no conviction to "vacate."

This interpretation of section 1001.94 is consistent with published authority. In 2015, the Court of Appeal considered whether a defendant who successfully completes the Sentence Deferral Program is required to pay a "conviction" fee/assessment pursuant to Government

---

[3]Consider, for example: *People v. Casillas* (2017) 13 Cal. App.5th 745, 755 ["[I]n criminal cases, courts have held an admission or finding of guilt is sufficient to establish a 'conviction'"]; *People v. Davis* (2010) 185 Cal.App.4th 998, 1001 ["It has been settled law for over 250 years that a person stands 'convicted' upon the return of a guilty verdict by the jury or by the entry of a plea admitting guilt"]; *People v. Castello* (1998) 65 Cal.App.4th 1242, 1253 ["The ordinary legal meaning of 'conviction' is a verdict of guilty or the confession of the defendant in open court, and not the sentence or judgment"].

Code section 70373 and Penal Code section 1465.8.[4] (*Sanchez-Flores*, *supra*, 242 Cal.App.4th at p. 706.) It succinctly rejected the notion that these payments are required, reasoning "[a] dismissal pursuant to the Sentence Deferral Program is not included in the definition of a 'conviction,' and the Legislature has not authorized the assessment or fee to be imposed on a defendant participating in the Sentence Deferral Program." (*Ibid.*)

Although *Sanchez-Flores* did not explain why a dismissal pursuant to the Sentence Deferral Program did not qualify as a conviction, the tea leaves are not difficult to read. In assessing whether a defendant who has secured a dismissal of his or her criminal case has nonetheless sustained a conviction, the consequences of the dismissal are to be considered. (*People v. Frawley* (2000) 82 Cal.App.4th 784, 791-792 (*Frawley*).) Take, for example, a case that has been dismissed pursuant to section 1203.4—commonly cited as an "expungement" provision.

> When a defendant has fulfilled the conditions of probation for the entire period of probation, . . . the defendant shall, at any time after the termination of the period of probation, if they are not then serving a sentence for an offense, on probation for an offense, or charged with the commission of an offense, be permitted by the court to withdraw their plea of guilty or plea of nolo contendere and enter a plea of not guilty; . . . and, . . . the court shall thereupon dismiss the accusations or information against the defendant and [subject to certain exceptions], the defendant shall thereafter be released from all penalties and disabilities resulting from the offense of which they have been convicted . . . .

(§ 1203.4, subd. (a)(1).)

*Frawley* was tasked with deciding whether a case that has been dismissed pursuant to section 1203.4 could nonetheless qualify as a conviction for the purpose of proving the defendant was a "convicted felon" within the meaning of the penal statute prohibiting a person who has been convicted of a felony from possessing a firearm (§ 12021, subd. (a)(1)). The court pointed to the language in section 1203.4 that defendants who obtain a dismissal "'shall

---

[4]"The Government Code section 70373 assessment and the Penal Code section 1465.8 fee must be imposed on 'every conviction for a criminal offense.' [Citations.]" (*People v. Superior Court* (*Sanchez-Flores*) (2015) 242 Cal.App.4th 692, 706 (*Sanchez-Flores*).)

4

thereafter be released from all penalties and disabilities resulting from the offense' [citation]" (*Frawley*, *supra*, 82 Cal.App.4th at p. 790) and acknowledged its effect in the following way:

> If this language stood alone, without qualification, it would almost certainly be understood to effect a true "expungement," such that the prior conviction would cease to exist in the eyes of the law, or at least of the criminal law. It could then be argued with considerable if not compelling force that the expunged prior conviction could not be used to prove a violation of section 12021.

(*Ibid.*)

But *Frawley* veered away from this "dramatic result" due to the substantial boundaries the statute placed on the on the relief offered. (*Frawley*, *supra*, 82 Cal.App.4th at pp. 791-792.)

> Section 1203.4 does not, properly speaking, "expunge" the prior conviction. The statute does not purport to render the conviction a legal nullity. Instead it provides that, except as elsewhere stated, the defendant is "released from all penalties and disabilities resulting from the offense." The limitations on this relief are numerous and substantial, including other statutes declaring that an order under section 1203.4 is ineffectual to avoid specified consequences of a prior conviction. (E.g., Veh. Code, § 13555 [relief under § 1203.4 "does not affect any revocation or suspension of the privilege of the person convicted to drive a motor vehicle under this chapter"]; Bus. & Prof. Code, §§ 490 [licensing boards can suspend or revoke professional license based on qualifying conviction "irrespective of a subsequent order under the provisions of Section 1203.4 of the Penal Code"], 6102, subd. (c) [summary disbarment of attorney for qualifying conviction "irrespective of any subsequent order under Section 1203.4 of the Penal Code or similar statutory provision"][,] 2236.1, subd. (d) [same, suspension of medical license]; Ed. Code, §§ 44008, 44009 [ineffectuality of relief under § 1203.4 to affect certain provisions concerning employment in elementary or secondary schools]; cf. Lab. Code, § 26 [no license under Labor Code shall be denied solely due to conviction which has been dismissed under § 1203.4]; see generally *Adams v. County of Sacramento* (1991) 235 Cal.App.3d 872, 880 [1 Cal. Rptr. 2d 138].) Furthermore, by the statute's own terms, an order under section 1203.4 "does not relieve" the ex-offender of "the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office [or] for licensure by any state or local agency . . . ." (§ 1203.4, subd. (a).)
> Indeed, section 1203.4 contains a sweeping limitation on the relief it offers, stating that "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." This provision alone precludes any notion that the term "expungement" accurately describes the relief allowed by the statute.

(*Ibid.*)

While the surviving ramifications for the defendant who secures a section 1203.4 dismissal are indicative of a conviction, the same cannot be said for a dismissal under the Sentence Deferral Program. The only exception to complete nullification of the defendant's criminal proceeding upon dismissal pursuant to the Sentence Deferral Program is (a) the Department of Justice may disclose the arrest "in response to a peace officer application request" and (b) successful completion of the Sentence Deferral Program "does not relieve [the defendant] of the obligation to disclose the arrest in response to a direct question contained in a questionnaire of application for a position as a peace officer . . . ." (§ 1001.96, subd. (c).) In other words, the target of potential adverse consequences is strictly limited to a narrow class of defendants who seek employment as a peace officer. For all intents and purposes, the dismissal of a case pursuant to section 1001.96 renders the conviction a complete nullity.

A prerequisite for section 1473.7 relief is the existence of a conviction or sentence. Defendant had neither at the time he litigated his motion; because he successfully completed section 1001.94 diversion, his plea was withdrawn, his case was dismissed, and there was no conviction to vacate. Defendant was not eligible for section 1473.7 relief.[5]

### Section 1473.7, subdivision (e)(2)

Section 1473.7, subdivision (e)(2) gives some insight into the defendant's burden of proof in motions made by those who pled guilty or nolo contendere and ultimately had their cases dismissed after the completion of court-imposed conditions. Defendant argues this

---

[5]Federal immigration law defines "conviction" as follows: "The term 'conviction' means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where—[¶] (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and [¶] (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." (8 U.S.C. § 1101(a)(48)(A).) The scope of what qualifies as a "conviction" in federal immigration cases may be broader than what is contemplated by California law. However, neither party has provided us with any reason to consider federal immigration law when interpreting the meaning of "conviction" in section 1473.7, subdivision (a)(1). (Compare *Pierce v. San Mateo County Sheriff's Dept.* (2014) 232 Cal.App.4th 995, 1006 [state court looks to federal case authority when interpreting a federal statute].)

provision is broad enough to include defendants who have successfully completed the Sentence Deferral Program. His position is not persuasive.

We begin with the language articulating the remedy for successful completion of the Sentence Deferral Program. If a defendant complies with the terms of the program, the trial court is required to "strike the defendant's plea and dismiss the action against the defendant" and "the arrest upon which sentencing was deferred shall be deemed never to have occurred." (§ 1001.96, subds. (a) & (b).)

Proposition 36 (§ 1210.1), a probationary program that provides opportunities to defendants convicted of nonviolent drug possession offenses, has a similar remedy. A defendant who successfully completes a drug program and substantially complies with the conditions of probation is eligible to have the conviction "set aside," the charging document dismissed, and "both the arrest and conviction shall be deemed never to have occurred." (§ 1210.1, subd. (e)(1).)

A defendant who reaps the benefits of Proposition 36 relief may nonetheless move, pursuant to section 1473.7, to vacate the plea. In 2018, the Legislature amended section 1473.7, effective January 1, 2019, "to provide clarification to the courts regarding [s]ection 1473.7 . . . to ensure uniformity throughout the state and efficiency in the statute's implementation." (Assem. Bill No. 2867 (2017-2018 Reg. Sess.) § 1(b).) One of the amendments was that "[t]here is a presumption of legal invalidity for the purposes of paragraph (1) of subdivision (a) if the moving party pleaded guilty or nolo contendere pursuant to a statute that provided that, upon completion of specific requirements, *the arrest and conviction shall be deemed never to have occurred*, where the moving party complied with these requirements, and where the disposition under the statute has been, or potentially could be, used as a basis for adverse immigration consequences." (§ 1473.7, subd. (e)(2), italics added; Stats. 2018, ch. 825, § 2.)

Defendant latches onto the italicized language in section 1473.7, subdivision (e)(2), arguing that it fits the remedy for pleas resulting in Proposition 36 probation *and* those that initiated participation in the Sentence Deferral Program. He acknowledges the Sentence

7

Deferral Program requires the plea (or "conviction") to be stricken whereas Proposition 36 mirrors section 1473.7, subdivision (e)(2) in that it requires the conviction be deemed never to have occurred but claims "the result is the same if the plea was stricken or deemed never to have occurred."

There are reasons to believe that section 1473.7, subdivision (e)(2) does not apply to those who successfully completed the Sentence Deferral Program. First, section 1473.7, subdivision (e)(2) presupposes the defendant has satisfied the initial requirement for relief, i.e., there exists a "conviction or sentence" that can be set aside (§1473.7, subd. (a)(1)). As we explained, when defendant made his section 1473.7 motion, he satisfied neither of these criteria thereby removing him from consideration under subdivision (e)(2).[6] Section 1473.7, subdivision (e)(2) is not a qualifying provision; rather, it speaks to the burden of proof applicable to a discrete category of eligible convictions or sentences.

Second, in section 1473.7, subdivision (e)(2), the Legislature mimicked the language in Proposition 36 but made no mention of cases where entry of judgment was deferred. The amendment to section 1473.7 was effective January 1, 2019, a full year after the sunset of the Sentence Deferral Program on January 1, 2018 (§ 1001.99). Defendant has offered no legislative history suggesting that, although the language used in the amendment tracked

---

[6]It is unclear whether it was a qualifying conviction or sentence (or both) that the Legislature found existed upon the successful completion of Proposition 36 probation. Although it is not necessary to resolve this issue, we offer the following observations supporting a determination that a successful Proposition 36 defendant has sustained a conviction despite successful completion of the program: (1) A Proposition 36 defendant is required to pay a *conviction* assessment pursuant to Government Code section 70373 regardless of whether the program was successfully completed. (*People v. Woods* (2010) 191 Cal.App.4th 269, 271-274.); (2) A defendant is deemed "convicted" pursuant to Proposition 36 after a guilty/nolo contendere plea is entered *and* the imposition of sentence is suspended pursuant to the program. (*In re Delong* (2001) 93 Cal.App.4th 562, 570-571, italics omitted.); and (3) Like section 1203.4, Proposition 36 contains several restrictions on the relief it offers, e.g., disclosure of the arrest and conviction is required in "any questionnaire or application for public office, for a position as a peace officer . . . for licensure by any state or local agency, for contracting with the California State Lottery, or for purposes of serving on a jury." (§ 1210.1, subd. (e)(3).)

language in Proposition 36, it also reached a plea that was taken pursuant to a deferral program that no longer existed.[7]

"Our job 'is simply to ascertain and declare what the statute contains, not to change its scope by reading into it language it does not contain . . . . [Courts] may not rewrite the statute to conform to an assumed intention that does not appear in its language.' [Citation.]" (*California Water Impact Network v. County of San Luis Obispo* (2018) 25 Cal.App.5th 666, 678.) Although section 1473.7, subdivision (e)(2) implements language that is specific to Proposition 36, we acknowledge policy reasons may warrant extending it far enough to reach a dismissal under the Sentence Deferral Program.  But defendant's policy argument, while reasonable, is properly addressed to the Legislature.  (*People v. Lopez* (2003) 31 Cal.4th 1051, 1062; see also *SAS Inst., Inc. v. Iancu* (2018) 584 U.S. 357, 369-370.)[8]

---

[7]In a single sentence, defendant notes the Legislature has provided a mechanism in section 1203.43 for defendants who successfully completed formal/traditional statutory diversion (§ 1000.4) to withdraw their pleas of guilty or nolo contendere because the disposition of the case may result in adverse immigration consequences.  While this is true, the Legislature did not reference section 1001.96 or any portion of the Sentence Deferral Program in section 1203.43 and we will not extend its applicability beyond what is unambiguously expressed.  (*Make UC a Good Neighbor v. Regents of University of California* (2024) 16 Cal.5th 43, 55 [if there is no ambiguity in the language of a statute, courts " ' " ' "presume the Legislature meant what it said and the plain meaning of the statute governs " ' " ' " ].)

[8]In passing, defendant argues "the rule of lenity should apply to any dispute regarding the meaning of [the section 1473.7] presumption [that the plea was invalid] . . . ."  Defendant does not cite authority for applying the rule of lenity to a statute that does not define a crime or punishment.  (*People v. Story* (2009) 45 Cal.4th 1282, 1294 [rule of lenity not applicable to a statute that defines neither a crime nor punishment].)  Nonetheless, "the rule applies ' "only if the court can do no more than guess what the legislative body intended; there must be an *egregious* ambiguity and uncertainty to justify invoking the rule." ' [Citation.]" (*People v. Manzo* (2012) 53 Cal.4th 880, 889.)  Such is not the case here where the Legislature has invoked somewhat unique language in a related statute to define the scope of the statute to be interpreted.

## DISPOSITION

The order denying defendant's Penal Code section 1473.7 motion to vacate is affirmed.

_____
Kumar, J.

We concur:

_____        _____
P. McKay, P. J.                     Ricciardulli, J.