Filed 3/21/16  P. v. Gomez CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARTHA OCHOA GOMEZ,<br><br>    Defendant and Appellant. | H042357<br>(Monterey County<br> Super. Ct. Nos. SS130021A &<br> SS141092A) |

Defendant Martha Ochoa Gomez was convicted by plea of two counts of felony possession of heroin (Health & Saf. Code, § 11350, subd. (a)) in separate cases.  The court suspended imposition of sentence and placed her on formal felony probation in each case.  When Penal Code section 1170.18[1] was enacted by the voters as part of Proposition 47 in November 2014, defendant remained on probation.  She filed petitions to recall her "sentence" in each case.  The trial court denied her petitions on the ground that she was not "currently serving a sentence" despite the fact that she remained on felony probation in both cases.  Defendant challenges this ruling on appeal, and the Attorney General concedes that the trial court erred.  We agree and reverse the orders denying defendant's petitions.

---

[1]     Subsequent statutory references are to the Penal Code unless otherwise specified.

# I. Background

In January 2013, defendant was charged by complaint with felony possession of heroin (Health & Saf. Code, § 11350, subd. (a)), misdemeanor possession of controlled substance paraphernalia (Health & Saf. Code, § 11364.1, subd. (a)), and misdemeanor interference with a business by obstructing or intimidating customers (§ 602.1, subd. (a)). These offenses were alleged to have occurred in December 2012. Defendant pleaded guilty to the felony count, and the other counts were dismissed. In August 2013, the court suspended imposition of sentence and placed defendant on probation for the December 2012 possession offense. In May 2014, defendant was charged by complaint with a May 2014 felony possession of heroin. She pleaded no contest. In June 2014, the court suspended imposition of sentence for the May 2014 offense and placed defendant on probation. In October 2014, the court reinstated probation for both convictions.

In March 2015, defendant filed petitions under section 1170.18 for recall of her sentences in both cases. She alleged in her petitions that she was "currently serving" sentences for these convictions. The prosecution responded that defendant was ineligible because she "has not been sentenced" and is "not serving a sentence." Defendant argued that either she had been sentenced on her felony convictions or she was eligible to have them automatically reduced to misdemeanors under *In re Estrada* (1965) 63 Cal.2d 740.

In May 2015, the court denied defendant's petitions. It stated: "I do believe that the court feels a traditional definition of sentence is the one it will follow until told otherwise. So I'm going to either deny the petition, or if Ms. Gomez wishes to be sentenced, I'm happy to do that also." Defendant chose not "to proceed to sentencing at this time." Defendant timely filed notices of appeal from the court's orders.

# II. Analysis

Section 1170.18 is derived from Proposition 47, the Safe Neighborhoods and Schools Act, passed by voter initiative at the November 4, 2014 election. Subdivision (a)

2

of the statute provides: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code . . . as those sections have been amended or added by this act." (§ 1170.18, subd. (a).) If the petitioner meets the criteria in subdivision (a) of the statute, the felony sentence "shall be recalled and the petitioner resentenced to a misdemeanor" pursuant to the statutes under which he or she was convicted, as those sections were amended or added by the Act, "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b)); cf. *T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 650; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092-1093.)

The parties agree that in passing Proposition 47 the voters intended to embrace probationers within the reach of the resentencing provisions of section 1170.18. To interpret the statutory language otherwise would, in their view, lead to absurd consequences. We find merit in this position. As the Attorney General acknowledges, there is nothing in either the ballot materials or the statutory language that appears to limit the phrase "currently serving a sentence for a conviction" to those serving a term of imprisonment. Defendant points out that granting probation is in some contexts a "sentencing choice" (see, e.g., Cal. Rules of Court, rule 4.405(6) [" 'Sentence choice' means the selection of any disposition of the case that does not amount to a dismissal, acquittal, or grant of a new trial"]). (Cf. *People v. Howard* (1997) 16 Cal.4th 1081, 1084 [referring to court's authority "at time of sentencing" either to suspend imposition of sentence or impose sentence and suspend its execution]; *In re DeLong* (2001) 93 Cal.App.4th 562, 571 ["an order granting probation and suspending imposition of sentence is a form of sentencing"].) Both parties observe that the language of another

3

voter initiative, Proposition 36, the Substance Abuse and Crime Prevention Act of 2000, used the language "sentenced to probation." (Voter Information Guide, Gen. Elec. (Nov. 7, 2000) ballot measure summary of Prop. 36, p. 3; see *People v. Mendoza* (2003) 106 Cal.App.4th 1030, 1034 [quoting ballot pamphlet to distinguish conviction from sentence and referring to "sentence of probation"].)

The ballot materials for Proposition 47 likewise indicate that the voters regarded probation as one of the options within a sentencing procedure;[2] the legislative analysis refers to offenders who are "sentenced" to supervision by a county probation officer while indicating that both jail time for eligible offenders and the caseloads of probation officers would be reduced by including felony probation as a disposition eligible for resentencing under section 1170.18. (See *People v. Shabazz* (2015) 237 Cal.App.4th 303, 310 [discussing Proposition 47 mechanism for resentencing after being "sentenced or placed on probation"].) The Legislative Analyst discussed these options under the heading of "Misdemeanor Sentencing" and generally noted the fiscal consequences of "the *resentencing* of individuals currently serving sentences for felonies that are changed to misdemeanors . . . ." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis of Prop. 47 by Legislative Analyst, pp. 34-36, italics added.) Nothing in the text of the initiative, the legislative analysis, or the arguments for and against it indicate an intent to distinguish between a prison sentence and felony probation, or between a grant of probation after suspending imposition of sentence and an order imposing sentence but

---

[2]    " 'In interpreting a voter initiative . . . "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.]  The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. . . .  When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.]" (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900-901, quoting *Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276 and *People v. Birkett* (1999) 21 Cal.4th 226, 231.)

suspending its execution.[3]  The statute itself allows the recall of a "felony sentence" and allows the petitioner to request "resentencing" in Health and Safety Code section 11350 cases, without segregating those serving prison sentences from those serving probation terms.  (§ 1170.18, subds. (a), (b).)  And as defendant points out, Proposition 47 was intended to reach those with "nonserious, nonviolent crimes like . . . drug possession," which would encompass many who were granted probation.  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, p. 70, § 3.)  To deprive those defendants of the benefit of the reduced penalty for their offenses would create an incongruity the voters would not have either anticipated or approved.

We accordingly adopt the parties' proffered liberal construction of the statute to apply to all those with felony dispositions, including those placed on probation who otherwise meet the conditions specified in the statutory scheme.  Because she met the criteria for eligibility under section 1170.18, defendant was entitled to consideration of her petitions for resentencing.

### III.  Disposition

The orders are reversed, and the matters are remanded for consideration of defendant's petitions under section 1170.18.

---

[3] Neither party suggests any significance in the latter distinction for purposes of Proposition 47 treatment.

_____
Mihara, J.

WE CONCUR:


_____
Elia, Acting P. J.




_____
Bamattre-Manoukian, J.




People v. Gomez
H042357